Filed 11/19/25  P. v. Velasquez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br> v.<br><br> JOSE OMAR SOTO VELASQUEZ,<br><br>  Defendant and Appellant. | H052658<br>(Monterey County<br> Super. Ct. No. 23CR004346) |

Defendant Jose Omar Soto Velasquez appeals from an order granting probation in a criminal action.  Appointed counsel filed an opening brief summarizing the case but raising no issues.  We notified defendant of his right to submit written argument on his own behalf.  Defendant has not done so.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and find no arguable issue on appeal. Following the California Supreme Court's direction in *Kelly*, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id.* at p. 110.)

## I.   *WENDE/KELLY* REVIEW

On May 22, 2023, victim Jane Doe spoke with police about a past incident of domestic violence.  Doe told an officer that she lived with defendant.  She said that on April 28, while her children were at school, she tried to leave their apartment but defendant stopped her.  According to Doe, defendant pulled her back into the apartment

by her arm, put his hands around her neck, and pushed her up against the wall. He held her there for approximately 15 seconds; she "started feeling hot" and "like she was losing oxygen" but she did not lose consciousness. After defendant released her, Doe went into her son's bedroom. Defendant prevented her from leaving the room for approximately two hours. Eventually, Doe "managed to open the door" and leave the room. As she was leaving, defendant "slammed the door" on her leg. Doe sent the officer photographs of a bruised thigh that she said depicted her injuries. Metadata indicated that the photographs had been taken on April 28 and 29. Doe said she did not call police on the day of the incident because defendant had taken her cell phone.

Doe also told the officer about an incident that took place on May 17. Defendant "had attempted to grab her by the neck" and "threatened to kill her" when she said she "would call the police this time and report it." After Doe returned home from work on May 21 to find that the door was locked and defendant would not let her in, she contacted police.

Defendant was charged with inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a); count 1) and dissuading a witness (Pen. Code, § 136.1, subd. (b)(1); count 2). It was alleged that defendant took advantage of a position of trust or confidence to commit both offenses. (Cal. Rules of Court, rule 4.421(a)(11).) At the preliminary hearing, Doe testified that she was not home on April 28 or May 17. She said defendant had not injured or threatened her and she had exaggerated her allegations against him. She denied remembering many of the statements she had made to the officer. The trial court found Doe "nonresponsive, obstreperous and not credible" and held defendant to answer on the charges.

At a pretrial hearing under Evidence Code section 402, Doe refused to answer the prosecutor's questions and was found in contempt of court. Her testimony from the preliminary hearing was admitted at trial. Portions of the officer's body camera footage depicting his conversation with Doe were also admitted as prior inconsistent statements.

2

The officer testified about his conversation with Doe and the accuracy of the translation provided to the jury. (Doe and the officer had spoken to one another in Spanish.) A domestic violence expert also testified about the cycle of abuse common to domestic violence relationships. The expert stated that as part of that cycle, it is common for victims to recant their allegations or return to their abusers.

The jury found defendant guilty on both counts. Defendant waived his right to a jury trial on the aggravating circumstances alleged, and the trial court found the allegations not true. Before sentencing, defendant moved for a new trial based on newly discovered evidence. The purported new evidence was a letter signed by Doe, in which she claimed to have fabricated all of her allegations against defendant. At a hearing on the motion, Doe exercised her Fifth Amendment privilege against self-incrimination and declined to answer questions. The court denied the new trial motion.

The trial court placed defendant on probation for a period of three years[1] and imposed various terms and conditions of probation, including 300 days in jail and 40 hours of community service. Defendant was awarded 225 days of presentence custody credit, representing 113 actual days and 112 days of conduct credit. We have reviewed the entire record and find no arguable issue.

## II.   DISPOSITION

The order of probation is affirmed.

---

[1] We note that the two-year probation maximum set forth in Penal Code section 1203.1, subdivision (a) does not apply to "an offense that includes specific probation lengths within its provisions." (Pen. Code, § 1203.1, subd. (*l*)(1).) "A minimum period of probation of 36 months" applies where "the victim is a person defined in Section 6211 of the Family Code," including a cohabitant or former cohabitant. (Pen. Code, § 1203.097, subd. (a).)

_____
Grover, Acting P. J.

**WE CONCUR:**


_____
Lie, J.



_____
Wilson, J.



H052658
*The People v. Velasquez*